HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NINA M FIREY,

        Plaintiff,

v.

LEWIS COUNTY, et al.,

        Defendants.

CASE NO. C17-5473RBL

ORDER

THIS MATTER is before the Court on the following motions: *pro se* Plaintiff Firey's Motion for Summary Judgment [Dkt. #13]; Defendant Lewis County's Motion for Judgment on the Pleadings [Dkt. #21]; Defendant DeLeo's Motion for Judgment on the Pleadings [Dkt. # 24] and Defendant Rodrigues's Motion for Judgment on the Pleadings [Dkt. # 28]. The case arises from a prior Lewis County Superior Court construction defect litigation. Firey sued ten defendants, including five contractors she had hired to renovate a home she purchased at foreclosure. Defendants DeLeo and Rodrigues represented two of the builders[1].

---

[1] Rodrigues represented the first contractor on the job, K&T. Firey fired K&T because its hourly rate was excessive. She then hired Crown Mobile Homes, which worked on the home for ten days before leaving because it was "too busy." Exhibit A to Firey's complaint [Dkt. 1-1] alleges that DeLeo represented Crown. These contractors both worked on the home in 2011, and she sued that year.

ORDER - 1

Firey lost on summary judgment, and she appealed. The Court of Appeals affirmed. *See Firey v Orozco*, 190 Wash.App 1025 (2015). Firey tried to appeal to the Washington Supreme Court, but her petition for discretionary review was denied.

In June 2016, Firey sued two of the underlying defendants' attorneys, alleging they had violated a variety of Rules of Professional Conduct, promoted perjury, committed fraud on the court, and otherwise violated her constitutional rights. She claims the defendant attorneys' clients and experts lied, and that that is why she lost. Firey also sued Lewis County, complaining about a number of the Superior Court's decisions.

Firey now seeks summary judgment, asserting that her complaint and documents establish that she is entitled to judgment as a matter of law. Each Defendant seeks judgment on the pleadings[2]. The attorneys argue that Firey's claims are not actionable as a matter of law because neither the perjury statute nor the RPCs give rise to a private cause of action. They claim that because her "fraud" claims are in effect an appeal of the state court case she has already conclusively lost, they are barred by *Rooker Feldman*. And they argue that because they are not state actors as a matter of law, Firey's § 1983 constitutional claims against them do not and cannot state a plausible claim.

The County argues that the Superior Court is a state entity, not a county one, and that the state would be the proper defendant (if the claims were viable). It also relies on *Rooker Feldman*, but it argues primarily that the court and its staff are entitled to absolute judicial immunity.

---

[2] DeLeo's Motion is noted for September 29, and Rodrigues's is noted for October 6. But Firey has already responded to both Motions [Dkt. #31] and the Court need not await the defendants' reply to determine the motions.

## A. Standards for Motions for Judgment on the Pleadings

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Defendant Attorneys' Motions.**

DeLeo and Rodrigues argue that Firey's "perjury" and "RPC" violation claims are not plausible, and that she cannot make them so by any conceivable amendment. They argue it is well-settled that "no action lies to recover damages caused by perjury, false swearing, and subornation of perjury or an attempt to suborn perjury." *W.G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 440 (1968). And while perjury is a crime, it is not one that gives rise to a private right of action for damages. RCW 9A.72.020. Nor, they claim, can Firey maintain an action for claimed violations of the Rules of Professional Conduct; the exclusive remedy for such violations is disciplinary action by the Bar. *See Hetzel v. Parks*, 93 Wn. App. 929, 935 (1999).

Firey's response suggests that she is not asserting these violations as stand-alone claims, but instead that she claims these actions violated her constitutional rights. Those claims are

1 discussed below. But the attorney defendants' claim that the perjury and RPC claims against
2 them are fatally flawed is correct, and those claims are DISMISSED with prejudice and without
3 leave to amend.

4     This Court cannot and will not review or reverse decisions made in state court. The
5 *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries
6 caused by state-court judgments . . . and inviting district court review and rejection of those
7 judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517,
8 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal
9 district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and
10 seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto*
11 appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041,
12 1050 (9th Cir. 2008).

13     The attorneys argue that Firey's "fraud" claims are in fact an effort to undo what the state
14 court did. Indeed, she seeks a reversal of those final determinations in her claim for relief. Firey
15 claims to rely on "extrinsic fraud," which the defendants concede may be actionable
16 notwithstanding *Rooker Feldman*. But it is clear that the conduct she describes as fraud was not
17 extrinsic to the case; she specifically complained to the Court about the attorney defendants'
18 "fraudulent" conduct (lies, perjury) [Dkt. #1 at 3], and she now claims that the Superior Court
19 Judge was a party to the fraud.

Firey's fraud claims[3] against the attorneys are a *de facto* appeal of the adverse state court decisions, which are final. This Court cannot grant her the relief she seeks, and this claim too is DISMISSED with prejudice and without leave to amend.

The attorney defendants argue that Firey's § 1983 claims are flawed for a number of reasons, including particularly that they are not state actors as a matter of law; they were and are private attorneys representing private clients.

A plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Because the defendant attorneys are not state actors, they cannot, as a matter of law, infringe upon Firey's constitutional rights. Firey's § 1983 claims against the attorney defendants are fatally flawed and she cannot remedy the defect through amendment. They are DISMISSED with prejudice and without leave to amend.

Finally, the attorney defendants argue that the rest of Firey's constitutional claims (§§ 1981, 1982, 1985, 1988) fail because she has not pled, and apparently cannot plead, that she is a member of a protected class. Firey claims that the constitution applies to everyone. It does, but

---

[3] These claims are also barred by RCW 4.16.080(4)'s three year limitations period; she sued more than three years after the Superior Court granted summary judgment.

she has not and cannot assert a plausible claim under those provisions. These claims too are DISMISSED, with prejudice and without leave to amend.

The defendant attorneys' motions for judgment on the pleadings are GRANTED and Firey's claims against them are DISMISSED with prejudice and without leave to amend.

**C. Lewis County's Motion for Judgment on the Pleadings.**

Lewis County argues primarily that Firey's claims are asserted against the wrong party; it is a *state* court, not a county court. This is true, but it is not the major flaw in her claims: even if she sued the state for the state court judge's decisions, the judge would still be entitled to judicial immunity. Lewis County also makes this argument, and the *Rooker Feldman* argument discussed above.

A litigant cannot sue the judge or the court presiding over her case in federal court (or anywhere else) for ruling against her. *See Pierson v Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978) (Judges enjoy absolute judicial immunity from civil suit for judicial acts taken within the scope of their jurisdiction). The Clerk is similarly entitled to quasi-judicial immunity from all such claims. *Mireles v. Waco*, 502 U.S. 9 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1074 (9th Cir. 1986); *Giampa v. Duckworth, 586 F. App'x 284* (2014) (clerk has quasi-judicial immunity). If and to the extent Firey sues the Lewis County prosecutor for failing to bring criminal charges, the prosecutor is also cloaked in immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Firey's claims against Lewis County are fatally flawed for each of these reasons. She cannot amend her pleading to assert a plausible claim, as a matter of law. The County's Motion for Judgment on the Pleadings is GRANTED and all of her claims against it are DISMISSED with prejudice and without leave to amend.

**D. Firey's Motion for Summary Judgment**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

Plaintiff Firey's Motion is moot in light of the determinations above. But even if the defendants had not moved, Firey has not demonstrated that she is entitled to judgment as a matter of law against this standard. She has simply stated that various things were lies or fraud or violations. Conclusory claims are not enough to defeat summary judgment, and they certainly are not enough to *obtain* a summary judgment. Firey's Motion is DENIED.

\*\*\*

None of Firey's claims against any of the defendants in this case are plausible and they cannot be cured by amendment. They are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 22nd day of September, 2017.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Ronald B. Leighton
　　　　　　　　　　　　　　　　　　United States District Judge